631 So.2d 824 (1994)
Dale Joshua LEE
v.
STATE of Mississippi.
No. 91-KA-0514.
Supreme Court of Mississippi.
February 10, 1994.
James G. Tucker, III, Bay St. Louis, for appellant.
Michael C. Moore, Atty., Gen., Kenneth C. O'Neal, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and BANKS and JAMES L. ROBERTS, Jr., JJ.
DAN M. LEE, Presiding Justice, for the Court:

STATEMENT OF THE CASE
Dale Lee, the appellant, was indicted in Hancock County on July 25, 1990, for unlawfully *825 touching, for lustful purposes, a child under the age of fourteen in violation of § 97-5-23 Miss. Code Ann. (1972). The child was a nine year old female.
Lee moved to suppress certain inculpatory statements made by him following his arrest. The basis of the motion was that Lee and his sister had asserted his right to counsel and thus, his statement was obtained in violation of his constitutional rights. Judge James E. Thomas denied the motion and the case proceeded to trial before a jury. At trial, the statements were admitted into evidence and the jury found Dale Joshua Lee guilty. Judge Thomas sentenced him to ten years in the custody of the Mississippi Department of Corrections. On appeal, Lee assigns the following as error:

THE LOWER COURT INCORRECTLY RULED THAT DALE JOSHUA LEE WAIVED HIS RIGHT TO COUNSEL DURING POLICE QUESTIONING.

STATEMENT OF THE FACTS
As the appellant presents a strictly legal question on appeal, there is no need for a prolix review of the facts underlying his conviction. In brief, Dale Lee was present on a camping trip in Hancock County on May 5, 1990. The nine year old stepdaughter of Lee's first cousin was also present. While the other adults were napping on that day, Lee and the child took a walk on a nature trail. At some point during the walk, Lee touched the child's genitals. After returning to the camp, he announced that he had to leave due to severe sunburn. The next day, the child told her mother what had occurred.
In response to an anonymous telephone call, Investigator Nathan Hoda of the Hancock County Sheriff's Department began an investigation of the incident. He spoke with the victim and obtained a statement indicating that Dale Lee had fondled her. Hoda proceeded to arrest Lee on May 16, 1990. During the course of an emotional arrest scene, Lee's sister spoke of obtaining an attorney.
Lee was advised of his Miranda rights while en route to the Sheriff's office. About thirty minutes later in Hoda's office, he was again advised of his rights. At that point, a tape recording of the victim's statement was played and Lee was asked if he wanted to talk about the incident. Lee agreed to talk and signed a waiver of his rights. A tape recording was initiated and Lee was once again advised of his rights and he orally waived them. The substance of Lee's statement was that he placed his hand in the victim's pants exactly as she stated and that he voluntarily stopped less than a minute later but that it was "too late." He also stated that he wanted psychiatric help because he did not want to hurt anyone else.
Ultimately, Lee was found guilty and sentenced to ten years. He duly perfected his appeal to this Court.

DISCUSSION

THE LOWER COURT INCORRECTLY RULED THAT DALE JOSHUA LEE WAIVED HIS RIGHT TO COUNSEL DURING POLICE QUESTIONING.
As mentioned above, Dale Lee made certain incriminating comments to law enforcement officers prior to consulting with an attorney. In a pretrial motion, Lee asserted that the otherwise valid waiver of his rights was ineffective because he personally had invoked his Fifth Amendment right to counsel at the time of his arrest. Judge Thomas, however, ruled that:
[U]nder a totality of the circumstances I find and find beyond all reasonable doubt that the defendant here was in fact advised of his Miranda rights, did in fact understand and freely and voluntarily waive his Miranda rights, particularly the right to counsel, and gave a statement which I find to be free and voluntarily given without any threats, force or coercion.
The manner of request of counsel in my mind, viewing the testimony as a whole and the surrounding circumstances of the arrest, I think what probably happened is during the trauma and emotional background of the arrest, that I think probably what happened was his sister was making comments about she was going to get him an attorney, that those emanated from her, not from him.

*826 On appeal, Lee does not challenge the lower court's ruling that he did not invoke his right to counsel but instead argues that the statements that "emanated" from his sister were sufficient to trigger his right to counsel and to preclude any subsequent waiver on his part. The record shows that two of the three arresting officers heard Lee's sister mention something about getting an attorney. Lee also testified that his sister specifically said she was going to get an attorney. Other witnesses to the arrest did not recall such remarks. Lee's sister did not appear at trial to explain her remarks.

Standard of Review.
"Determining whether a confession is admissible is a finding of fact which is not disturbed unless the trial judge applied an incorrect legal standard, committed manifest error, or the decision was contrary to the overwhelming weight of the evidence." Balfour v. State, 598 So.2d 731, 742 (Miss. 1992). There was evidence in the record to support the trial judge's factual findings that Lee did not request an attorney but that his sister did state that she intended to get one. Accordingly, these conclusions should not be disturbed on appeal. The lower court's implicit holding that the sister's statement was insufficient to preclude a subsequent waiver of the right to counsel necessarily involves a legal question and is thus not entitled to any deference on appeal.

LAW
If the statements of Lee's sister were sufficient to invoke his right to counsel, then no valid waiver of the right could subsequently be effectuated in the context of police initiated questioning. Balfour v. State, 598 So.2d 731 (Miss. 1992). Thus, the critical issue for determining the outcome of this appeal is whether the statements made by Lee's sister were sufficient to invoke his Fifth Amendment right to counsel.
The U.S. Supreme Court has recently addressed a similar factual scenario. In Moran v. Burbine, 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986), the Court was faced with a case where a relative of the defendant Burbine retained an attorney to represent him. The attorney contacted the police and informed them that she would act as Burbine's legal counsel if questioning was imminent. The attorney was told that the detectives were through with Burbine for the night. Shortly after the attorney attempted to consult with Burbine, the police questioned him and obtained a confession. The Court granted certiorari to decide whether the police's misrepresentations to the attorney invalidated the waiver executed by Burbine. The Court held:
Events occurring outside of the presence of the suspect and entirely unknown to him surely can have no bearing on the capacity to comprehend and knowingly relinquish a constitutional right... . Once it is determined that a suspect's decision not to rely on his rights was uncoerced, that he at all times knew he could stand mute and request a lawyer, and that he was aware of the State's intention to use his statements to secure a conviction, the analysis is complete and the waiver is valid as a matter of law.
Burbine, 475 U.S. at 422, 106 S.Ct. at 1141, 89 L.Ed.2d at 421-2.
Thus, it is clear, and the appellant acknowledges that, under federal precedent, attempts by others to procure counsel are not sufficient to invoke the Fifth Amendment right to counsel where the defendant is unaware of such attempts.
Lee, however, cites Reuben v. State, 517 So.2d 1383 (Miss. 1987) for the proposition that an assertion of the right to counsel made by another person in the presence of the defendant must be honored. Examination of Reuben, however, yields no such conclusion. In Reuben, we stated:
When Reuben was originally brought to the Pelahatchie Police Station by his father and was given his Miranda rights, his father informed the Pelahatchie police that an attorney was desired and that no statements would be made until one was present. The police understood that this was an effective assertion of Reuben's rights. After an extensive hearing the trial judge ruled that this was an effective assertion of Reuben's rights. On appeal there is no dispute as to whether Reuben's right to *827 remain silent and right to consult with an attorney before further interrogation were properly invoked.

Reuben, 517 So.2d at 1387.
Clearly, this Court did not hold that another party may invoke an accused's right to counsel. The issue simply was not raised on appeal so the Court accepted the ruling of the lower court. As the State correctly points out in its brief:
In Reuben, the police understood that to be an effective assertion of Reuben's rights. After an extensive hearing the trial judge ruled that this was an effective assertion of Reuben's rights. The issue presented to this court in Reuben was whether the subsequent statement, taken the following day, was admissible. This court was not requested to address, and it did not address, the issue of whether the father could effectively assert his son's rights to remain silent and to counsel under the circumstances in that case.
Furthermore, a key distinction exists between the current case and Reuben. In Reuben, the actions of the accused manifested an intent to adopt the statements made by the father. Thus, although Reuben, Jr. did not actually speak the words, he did express his intention to stand mute by refusing to answer questions after his father spoke. Thus, it was Reuben, Jr. whose assertion was effective and not Reuben, Sr. In the present case, the record is absolutely devoid of any evidence that Lee attempted to adopt, or even understood, the cryptic statements that "emanated" from his sister.
A rule allowing third parties to invoke individual constitutional rights is not required by federal case law nor was such a rule announced in Reuben or any other Mississippi case. In our opinion, such a rule would be contrary to the clear implication of both federal and state cases. See, e.g., Miranda v. Arizona, 384 U.S. 436, 474, 86 S.Ct. 1602, 1627, 16 L.Ed.2d 694 (1966) ("If the individual states that he wants an attorney, the interrogation must cease until an attorney is present."). Accordingly, there was no error below.

CONCLUSION
For the foregoing reasons, we hold that the single assignment of error raised by the defendant is without merit and his conviction and sentence is affirmed.
CONVICTION OF UNLAWFULLY TOUCHING, FOR LUSTFUL PURPOSES, A CHILD UNDER THE AGE OF FOURTEEN IN VIOLATION OF § 97-5-23 MISS. CODE ANN. (1972) AND SENTENCE TO SERVE TEN (10) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH CONDITIONS, AFFIRMED.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.