IRVING, J., for the Court:
¶ 1. Charles Lowe was convicted of grand larceny by a Jefferson County Circuit Court jury and was sentenced to four years in the custody of the Mississippi Department of Corrections. Feeling aggrieved, he has perfected this appeal and submits as error the trial court’s refusal to grant: 1) his motion to suppress his pretrial confession, 2) his motion for directed verdict at the end of the State’s case and at the end of the defense’s case and 3) his motion for JNOV or in the alternative a new trial. Finding no reversible error, we affirm.
FACTS
¶ 2. The facts, according to the State’s case, reveal that on June 7, 1999, Ruth Bullen reported to the Jefferson County Sheriffs Department that her Troybilt tiller was missing. She stated that the it had been in her garden near her farm and had been taken sometime during the previous day. Later that same day, Bullen called the sheriffs office again to say that she had located her tiller at the home of Eli Snyder. A subsequent investigation verified that the tiller in Snyder’s possession belonged to Ruth Bullen. Snyder indicated that he had purchased the tiller from Lowe’s co-indictee, Sterling Parker, for fifty dollars and had obtained a signed statement from Parker that it belonged to Parker.
¶ 3. Parker was arrested a few days later and subsequently gave a statement confessing to his part in the theft of the tiller and implicating Lowe. Lowe was then arrested. After signing a waiver of rights and acknowledgment of Miranda warnings, Lowe gave a statement incriminating himself in the theft of the tiller but stated that he was not with Parker when the tiller was sold to Snyder. Parker entered a guilty plea and testified at Lowe’s trial. The jury returned a guilty verdict against Lowe.
ANALYSIS OF ISSUES PRESENTED

I. Admissibility of Confession

¶ 4. “Determining whether a confession is admissible is a finding of fact which will not be disturbed on appeal unless the trial judge applied an incorrect legal standard, committed manifest error or the decision was contrary to the overwhelming weight of the evidence.” Kircher v. State, 753 So.2d 1017 (¶ 27) (Miss.1999); Wright v. State, 730 So.2d 1106, 1108 (Miss.1998) (quoting Lee v. State, 631 So.2d 824, 826 (Miss.1994)). The court should also determine whether the confession of the accused was a free and rational choice. Spann v. State, 771 So.2d 883 (¶ 49) (Miss.2000).
¶ 5. The general rule is that for a confession to be admissible it must have been *555 given voluntarily, and not as the result of any promises, threats or other inducements. The burden is on the prosecution to prove beyond a reasonable doubt that the confession was voluntary. The “burden is met and a prima facie case made out by testimony of an officer, or other persons having knowledge of the facts, that the confession was voluntarily made without any threats, coercion, or offer of reward.”
Crawford v. State, 716 So.2d 1028 (¶ 38) (Miss.1998); Chase v. State, 645 So.2d 829, 838 (Miss.1994). Moreover, when the State has made its case, the defendant has the burden of offering evidence that threats or promises induced the confession. Spann, 771 So.2d at 883(¶ 49); Agee v. State, 185 So.2d 671, 673 (Miss.1966).
¶ 6. At the suppression hearing, Jefferson County Sheriff Peter Walker testified that he informed Lowe that Walker was investigating the missing tiller and asked Lowe if he would be willing to answer questions. Walker further testified that he advised Lowe of his Miranda rights and that Lowe waived his rights by signing the waiver form. Walker also testified that he made no threats or promises and that Lowe’s confession was an act of free will. Delphine Sampson, the employee of the Jefferson County Sheriffs Department who committed Lowe’s statement to writing, testified that no promises were made to Lowe in her presence.
¶ 7. At the hearing on the motion to suppress, Lowe testified that he made the confession and signed the statement because Walker said that he would be willing to help Lowe or work with him to help him out of the situation if Lowe told him what happened to the tiller. However, Lowe also testified that Walker never promised to dismiss the charges and that Walker did not threaten him.
¶ 8. The trial court found that the State met its burden of proof that the statement was voluntary and made without threats or promises and that Lowe failed to produce any evidence to the contrary. This Court cannot say that in so finding the trial judge applied an incorrect legal standard, committed manifest error or rendered a decision that was contrary to the overwhelming weight of the evidence. Lee, 631 So.2d at 826. Therefore, the trial court is affirmed on this issue.

II. Motions for Directed Verdict and JNOV

¶ 9. Motions for directed verdict and JNOV involve consideration of the evidence before the court at the time the motions are made. McClain v. State, 625 So.2d 774, 778 (Miss.1993). The same standard is used to review overruled motions for both directed verdict and JNOV. These motions implicate the legal sufficiency of the evidence as opposed to the weight of the evidence. See Wetz v. State, 503 So.2d 803, 808, n. 3 (Miss.1987). The standard for assessing the legal sufficiency of the evidence requires that the judge accept as true all of the evidence that is favorable to the State, including all reasonable inferences that may be drawn and to disregard evidence favorable to the defendant. McClain, 625 So.2d at 778. This Court is only allowed to reverse where one or more elements of the offense have not been proven, and the evidence is such that reasonable fairminded jurors could only find the accused not guilty. Id.
¶ 10. This Court finds that all of the elements of the offense were proven; there was overwhelming evidence of Lowe’s guilt, and no evidence on which a fairminded jury could only find him not guilty. Accordingly, this Court affirms the trial court on this assignment of error.

*556
III. Motion for New Trial

¶ 11. Challenges to the weight of the evidence by way of a motion for a new trial implicate the trial court’s discretion and should not be granted except to prevent an unconscionable injustice. Wetz v. State, 503 So.2d 803, 812 (Miss.1987). In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the trial court has abused its discretion in failing to grant a new trial. Nicolaou v. State, 612 So.2d 1080, 1083 (Miss.1992).
¶ 12. Accepting as true all of the evidence which supports the jury verdict in this case, we conclude that the trial court did not abuse its discretion in refusing to grant Lowe a new trial. The jury verdict is not contrary to the overwhelming weight of the evidence, nor does the verdict create an unconscionable injustice. Therefore, the ruling of the lower court is affirmed on this issue.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF JEFFERSON COUNTY OF CONVICTION OF GRAND LARCENY AND SENTENCE OF FOUR YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS ARE ASSESSED TO JEFFERSON COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER and BRANTLEY, JJ., concur.