878 So.2d 103 (2003)
James Joseph BRODERICK, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00558-COA.
Court of Appeals of Mississippi.
September 16, 2003.
Rehearing Denied December 16, 2003.
Certiorari Denied July 22, 2004.
*104 James A. Williams, Brookhaven, attorney for Appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for Appellee.
BEFORE KING, P.J., BRIDGES and LEE, JJ.
BRIDGES, J, for the Court.
¶ 1. James Broderick was tried and convicted of two counts of lustful touching of a child and two counts of sexual battery before Lauderdale County Circuit Judge Larry Eugene Roberts. He was given four fifteen-year sentences along with two $1000 fines. From this conviction and sentence, Broderick appeals to this Court.

ISSUES
I. WHETHER THE TRIAL COURT ERRED IN DENYING BRODERICK'S MOTION FOR SEVERANCE
II. WHETHER THE JURY WAS PROPERLY INSTRUCTED
III. WHETHER THE JURY WAS ADEQUATELY INSTRUCTED ON SEXUAL BATTERY IN COUNT IV OF THE INDICTMENT
IV. WHETHER BRODERICK HAD INEFFECTIVE ASSISTANCE OF COUNSEL

FACTS
¶ 2. On March 22, 2001, James Broderick was indicted by the grand jury of Lauderdale County on five counts of prohibited sexual contact with two minor female relatives. He was charged with three counts of sexual battery of D.B., who, at the time, was seven years old. Count II charged lustful touching of D.B. in August 2000 and Count III charged lustful touching in September 1999. Counts IV and V charged sexual battery of D.S. who was fifteen at the time of the indictment. One incident occurred in February *105 2000, the other was in March 1998. Count I was eventually dismissed.
¶ 3. The State presented evidence that he would touch, grope, feel, fondle and expose himself to the girls repeatedly. Broderick did not present a defense. The jury found him guilty of Counts II-V.

ANALYSIS

I. WHETHER THE TRIAL COURT ERRED IN DENYING BRODERICK'S MOTION FOR SEVERANCE
¶ 4. Broderick first claims that the charges against him should have been severed. He claims that since there were many charges made against him, the jury was confused and misled by the jury instructions. Broderick filed a motion to sever on the morning of the first day of trial which the judge denied after a hearing.
¶ 5. When a multi-count indictment has been handed down and the defendant has requested severance of the indictment, the trial court should conduct a hearing on the issue. Eakes v. State, 665 So.2d 852, 861 (Miss.1995). The State has the burden of proving that a multi-count indictment falls under the language of the statute allowing a single trial for multiple indictments. Miss.Code Ann. § 99-7-2 (Rev.2000). The statute states as follows:
1) Two (2) or more offenses which are triable in the same court may be charged in the same indictment with a separate count for each offense if: (a) the offenses are based on the same act or transaction; or (b) the offenses are based on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan.
¶ 6. The trial court should take into consideration the time period between the offenses, whether the evidence that is used to prove each offense would be admissible to prove the other counts, and whether the offenses were interwoven. Eakes, 665 So.2d at 861. If the trial court has a hearing to determine if the counts should be severed, deference is given to the trial court's findings. Ott v. State, 722 So.2d 576, 579(¶ 15) (Miss.1998). The trial court's decision will be upheld unless there has been an abuse of discretion. Id.
¶ 7. In this case, the trial court held a hearing and found that the indictment should not be severed into separate trials. The trial court found that there was sufficient reason to believe that the counts arose from a common scheme or plan. Since this case involved two victims who both accused Broderick of the same type of misconduct, the court determined it was the same kind of scheme to sexually molest both girls. The court decided that this case fell under the statute allowing a single trial for multiple indictments because the counts were connected together from a common scheme of sexual misconduct.
¶ 8. The trial court also made it clear that the jury would be given instructions to find and return each verdict separately. Since the trial court properly held a hearing concerning the issue of severance and also made it known that the jury would be required to evaluate each count of the indictment individually, the trial court did not abuse its discretion when it denied the motion for severance. However, it should be noted that this Court finds that Broderick waited too long in bringing his motion for severance. His motion should have been made earlier, for example, at his arraignment. However, this finding does not change the outcome of this issue; we find that there was no error on the part of the trial court.

II. WHETHER THE JURY WAS PROPERLY INSTRUCTED

*106 III. WHETHER THE JURY WAS ADEQUATELY INSTRUCTED ON SEXUAL BATTERY IN COUNT IV OF THE INDICTMENT
¶ 9. In Issue II, Broderick claims that the jury was not properly instructed. He complains that the judge used the term "victim" when referring to the two girls. He claims that there was error in instructions C-7, C-8, C-9, C-14, and C-15. There were no objections made to instructions C-7, C-8, and C-9; therefore, any objection to these instructions was waived and is now procedurally barred. When there is no contemporaneous objection to the instructions in the record, the issue of the instructions is waived. Goldman v. State, 741 So.2d 949, 955(¶ 24) (Miss.Ct.App.2000).
¶ 10. Instruction C-14 was an instruction submitted by Broderick (then identified as D-2). Broderick made no objection to this instruction at trial. The trial court will not be reversed for an error caused by the defendant's own instruction. Carr v. State, 655 So.2d 824, 847 (Miss.1995); Reed v. State, 237 Miss. 23, 30, 112 So.2d 533, 535 (1959). Since he did not object to this instruction at trial, the issue is waived and procedurally barred from review.
¶ 11. Instruction C-15 was also an instruction submitted by Broderick (then identified as D-3). This instruction contained two paragraphs and at trial the State objected to the second paragraph. Broderick never objected to this instruction; he only stated that he thought that the second paragraph, that the State objected to, was a correct statement of the law. The court did not include this second paragraph and only gave the jury the first paragraph of the instruction. Broderick does not appeal the decision of the trial court to exclude the second paragraph but rather appeals for the first time a sentence contained in the first paragraph. Since Broderick did not object to this instruction at trial, the issue also is waived and procedurally barred from review.
¶ 12. In Issue III, Broderick specifically challenges instruction C-10. Broderick made no objection to this instruction at trial; therefore, it is waived and is procedurally barred from review. When there is no contemporaneous objection to the instructions in the record, the issue of the instructions is waived. Goldman 741 So.2d at 949. For these reasons, the decision of the trial court should not be reversed and remanded.

IV. WHETHER BRODERICK HAD INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 13. Broderick claims that based on the totality of the circumstances he was denied effective assistance of counsel. He generally claims that there were failures with instructions, closing arguments, objections, and cross examination. He claims that there was no reasonable trial strategy. Broderick must meet the two part test set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and followed by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 476 (Miss.1984). Under Strickland and Stringer, Broderick must show that counsel's performance was so deficient that it constituted prejudice. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. He must also show that but for his attorney's errors, there is a reasonable probability that he would have received a different result in the trial court. Id at 694, 104 S.Ct. 2052. The Strickland test is applied with deference to the performance of the attorney, considering the totality of the circumstances to determine if the performance of the attorney was both deficient and prejudicial. Conner v. State, 684 So.2d 608, 610 (Miss.1996). The test is to be applied to the *107 overall performance of the attorney. Strickland, 466 U.S. at 695, 104 S.Ct. 2052.
¶ 14. Broderick cannot establish that based on the totality of the circumstances, as set forth in Conner, that he was not effectively represented. When all of the circumstances of his trial are considered, it is clearly established that Broderick did receive effective assistance and cannot show that he would have been found not guilty but for the performance of his attorney as is required by Strickland. Broderick's counsel filed motions before the trial began. He effectively cross-examined the State's witnesses. He made many objections throughout the trial and gave a coherent opening statement along with a comprehensive closing argument. He also filed post-trial motions, one of which resulted in the dismissal of the first count of Broderick's indictment. For these reasons, Broderick received effective assistance of counsel and the decision of the trial court should be affirmed.
¶ 15. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT OF CONVICTION OF COUNTS II AND III, LUSTFUL TOUCHING OF CHILD AND SENTENCE OF FIFTEEN YEARS AND A FINE OF $1,000 ON EACH COUNT; COUNTS IV AND V, SEXUAL BATTERY, AND SENTENCE OF FIFTEEN YEARS ON EACH COUNT WITH COUNTS II AND IV TO RUN CONCURRENTLY TO EACH OTHER AND COUNTS III AND V TO RUN CONCURRENTLY TO EACH OTHER WITH THE SENTENCES IN COUNTS II AND IV TO RUN CONSECUTIVELY TO THE SENTENCES IN COUNTS III AND V IS AFFIRMED. THE COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER and GRIFFIS, JJ., CONCUR.