# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-KA-01839-SCT

*GILBERTO HILARIO CHIM*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/12/2006 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDMUND J. PHILLIPS, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | MARK SHELDON DUNCAN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 01/17/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     Chim appeals his conviction of statutory rape and sexual battery, contending that the trial court erred in denying his motion to suppress his confession in violation of his Fifth and Sixth Amendment right to counsel. Chim maintains that he did not knowingly and intelligently waive his *Miranda* rights, and that his statement was not made voluntarily. We affirm the trial court's denial of Chim's motion to suppress his confession.

## FACTS AND PROCEDURAL HISTORY

¶2.     On October 12, 2006, Chim, a native of Guatemala, was sentenced to life imprisonment for statutory rape of a five-year-old girl and twenty years imprisonment for

sexual battery, with ten years to run consecutively to his life sentence and ten years suspended, with Chim to be placed on post-release supervision.[1] Chim's conviction was preceded by an arrest that entailed a waiver of his *Miranda* rights and a subsequent confession. He appeals, arguing that the Circuit Court of Scott County erred when it failed to suppress his confession.

¶3.     Specifically, Chim asserts that he did not adequately understand the English language and therefore did not understand the *Miranda* warnings articulated to him in English by the three arresting officers: Chief Mike Lee, Officer Will Jones, and Officer Robert Roncolli. Hence, he contends that, although he signed the waiver indicating that he waived his *Miranda* rights, he did not knowingly and intelligently waive them. Further, he contends that because his waiver was not knowingly and intelligently made, that his confession was not voluntary. Hence, Chim avers that his subsequent confession should have been suppressed as evidence.

¶4.     To corroborate this contention, Chim offered the following evidence during the suppression hearing: (1) his testimony that he requested but was refused an interpreter; (2) his testimony that he signed the waiver because the officers told him that "he had to sign"; (3) his testimony that he did not understand the meaning of the right to counsel; and (4) his estranged wife's testimony that she sometimes used her sister-in-law's son to serve as an interpreter for herself and her husband during the course of their marriage.

---

[1]Chim was convicted in violation of Mississippi Code Annotated Sections 97-3-65(1)(b) and 97-3-95(1)(d) (Rev. 2006).

¶5.    The State contends that the trial court was correct in denying Chim's motion to suppress his confession.  Specifically, the State argues that there was "credible, substantial corroborated evidence  in support of the trial court's ruling," which included the following: (1) the testimony of Officer Lee that Chim spoke and understood the English language; (2) the testimony of Officer Roncolli that Chim "seemed to understood [sic] us well.  He could speak English"; (3) the testimony of Chief Mike Lee that Chim understood his Miranda rights; (4) the officers' testimony that Chim did not request an interpreter and never indicated that he could not understand English; and (5) Chim's estranged wife's testimony that she and Chim communicated in English during their marriage.

¶6.    We find that the trial judge applied the correct legal standard, and his finding was supported by substantial evidence when he found that Chim's waiver of his *Miranda* warnings was valid.  Furthermore, the trial judge's decision to deny Chim's motion to suppress was not manifestly in error, nor was it contrary to the overwhelming weight of the evidence.  Accordingly, we affirm the trial court's denial of Chim's motion to suppress his confession.

## DISCUSSION

**Whether the Trial Court Erred in Denying Chim's Motion to Suppress his Confession.**

### A.  Whether Chim Validly Waived his *Miranda* Rights.

¶7.    In *Miranda*, the United States Supreme Court held that the Fifth and Fourteenth Amendments' prohibitions against compelled self-incrimination require that, prior to custodial interrogation, the accused must be advised of his right to remain silent and his right to counsel.  *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Once advised of his *Miranda* rights, an accused may validly waive these rights and respond to interrogation. *North Carolina v. Butler*, 441 U.S. 369, 374-75, 99 S. Ct. 1755, 60 L. Ed. 2d 286 (1979). However, the waiver must be voluntary, knowing, and intelligent. *Miranda*, 384 U.S. at 444.

¶8. For a waiver of one's *Miranda* rights to be considered valid, the state must prove beyond a reasonable doubt that "'the waiver [was] made voluntarily, knowingly and intelligently.'" *Coverson v. State of Mississippi*, 617 So. 2d 642, 647 (Miss. 1993) (citations omitted). A waiver is considered voluntary if it is the result of a "free and deliberate choice rather than intimidation, coercion or deception." *Id*. "'[A] waiver is knowing and intelligent if it is made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it.'" *Id*. (citations omitted).

¶9. "The trial judge sits as the trier of fact and must determine whether the incriminating statement was freely and voluntarily given. The judge should determine whether the criminal defendant was advised of his rights, including the right against self-incrimination as set forth in *Miranda*. . . ." *Baldwin v. State*, 757 So. 2d 227, 234 (Miss. 2000). Furthermore, "the judge should ascertain, under the totality of the circumstances and beyond a reasonable doubt, that the defendant's statement was freely and voluntarily given, and was not the result of force, threat, or intimidation. *Id*. (citing *Smith v. State*, 737 So. 2d 377, 382 (Miss. Ct. App. 1999)).

¶10. In the instant case the trial judge conducted a suppression hearing outside the presence of the jury, as required by law, and concluded that the State met its burden and proved the validity of Chim's waiver beyond a reasonable doubt. *Frost v. State*, 483 So. 2d 1345, 1350

4

(Miss. 1986); ***Manix v. State***, 895 So. 2d 167, 180 (Miss. 2005). In ruling, the trial judge

reasoned:

> Well, this court has heard the testimony of the three officers who were present at the time of the taking of the statement, who each, and all three, testified that the conversation between the officers and this defendant was [sic] statements that - - I understood he was able to carry on that conversation without the need of an interpreter, and he appeared to understand the questions in the language that was being used, that he understood - - appeared to understand English, and he was able to correspond back to them speaking in English, and no threats of violence[,] promises, hopes, or rewards, or intimidation was [sic] upon the defendant, that he appeared to understand his rights that was [sic] given to him, and that he voluntarily waived those rights. It appears from the testimony of those three witnesses, and even the testimony of this defendant at this time, that he understood the questions that was [sic] asked of him, and that he responded in intelligible English. I find that there was [sic] no threats of violence or intimidation, promises of reward or otherwise, which would cause him to waive his rights and make a statement. . . . I do note that his signature to the waiver and to the statement of facts is quite legible. He signed his name, Gilbert H, initial, Chim, in legible writing. So your objection to the statement for the reason that he did not sufficiently understand English well enough to understand the Miranda Rights, and that the statement that he gave was not - - he did not sufficiently understand English enough to give that type of statement, so your objection is overruled.

¶11.    "Whether this conclusion is correct is a mixed issue of law and fact." ***Holland v.***

***State***, 587 So. 2d 848, 860 (Miss. 1991) (citations omitted). "[I]f the judge based his finding

upon appropriate principles of law; (2) and the finding is supported by the facts (i.e., by

substantial evidence); (3) then this Court may not reverse." ***Id.***

¶12.    Chim argues that he did not make a knowing and intelligent waiver because he did not

understand the words read to him from the waiver-of-rights form. When asked by his

attorney if "[he] spoke English well," Chim responded that he "understand[s] the majority

of the words, other words I don't understand." Chim further testified that he did not

understand all of the words on the waiver-of-rights form, and that he "didn't quite get" what

5

an attorney was. Chim also contends that he requested an interpreter, but the officers refused to provide one because they understood what he was saying. He further asserts "the testimony of Kimberly Chim [, his estranged wife,] provided reasonable doubt that [he] could actually understand [his] rights and knowingly and intelligently waive them." The following is an excerpt from the testimony of Kimberly Chim:

> Q. If there is something difficult, like a difficult word or a big word, is he - - does he always understand that?
> A. Unh-unh. He asks me how you say this word and he's trying to pronounce everything.
> Q. Do you ever - - do you ever get friends of his that speak English and Spanish to interpret for him? Have you ever done that?
> A. My nephew, his - - my sister-in-law's boy.

For the foregoing reasons, Chim contends that he did not validly waive his *Miranda* rights, and therefore the trial judge erred in finding otherwise.

¶13. We disagree. The trial judge's finding that Chim validly waived his *Miranda* rights was based upon appropriate principles of law and supported by substantial evidence. *Holland*, 587 So. 2d at 860. In *Le v. State*, 913 So. 2d 913 (Miss. 2005), this Court addressed a similar contention. Le argued, in part, that the trial court erred in suppressing his confession, because he had limited skill with the English language and therefore had not knowingly and intelligently waived his constitutional rights. *Id*. at 931. In denying Le's motion, the trial court reasoned:

> . . . . The Court would find that the evidence presented, shows beyond a reasonable doubt that the statement made by the defendant was freely and intelligently and voluntary made without any improper inducement. There were no—The Court does not find that there were any promises of salvation or redemption. Basically the officer was getting to the point, or asking him about did he know—did he understand right from wrong, and he indicated that he did. The evidence further shows that the defendant reads, speaks and

6

understands English well. He was born in the United States, although from a Vietnamese family. He still went to English-speaking schools to the tenth grade, and in his testimony today spoke English fluently, and indicated that he understood English well and read English well, and as I said before, went to the tenth grade. So there was no—the Court finds there was no improper inducement made, and that his statement was a voluntary statement; that he understood his rights, and that he made a voluntary waiver of his constitutional rights; that the proper [Miranda] Warnings were given to him. He initialed each and every one of those and signed his name, which he signed the name that he uses, Tony. So I'm going to deny the motion.

*Le*, 913 So. 2d at 931-932. This Court found the issue to be without merit, stating "the trial court did not apply an incorrect legal standard, did not commit manifest error, and his decision was not contrary to the overwhelming weight of the evidence. *Le*, 913 So. 2d at 933.

¶14.    Other jurisdictions also have considered this specific issue at length. In ***Campaneria v. Reid***, 891 F. 2d 1014 (2nd Cir. 1989), the court rejected the defendant's argument that his limited understanding of the English language prevented him from knowingly and intelligently waiving his ***Miranda*** rights. The defendant's native language was Spanish, and he was advised of his ***Miranda*** rights only in English. ***Id***. at 1020. In its analysis, the court noted that, on each occasion that the defendant was advised of his ***Miranda*** rights, he indicated that he understood them. ***Id***. The court found that the defendant's argument lacked merit and found that the defendant's understanding of the English language was sufficient to knowingly and intelligently waive his rights, even though the defendant spoke in broken English with an accent and occasionally lapsed into Spanish while speaking. ***Campaneria***, 891 F. 2d  at 1014.

7

¶15.    In *United States v. Bernard S.*, 795 F. 2d 749 (9th Cir. 1986), the defendant was an

Apache Indian who argued that the waiver of his *Miranda* rights was invalid because he was

advised of his rights in English and had only a limited understanding of the English language.

In holding that the trial court was correct in its determination that the defendant knowingly,

intelligently, and voluntarily waived his rights, the court stated:

> It is clear from the record that appellant does have some difficulty with English. He testified that he neither reads nor writes English, he occasionally spoke Apache with his mother and Lt. Stevens during the questioning to clarify some items, and he was assisted in his testimony at trial by an interpreter. On the other hand, he admitted that he studied English through the seventh grade and that he answered Agent Bedford's questions in English.
>
> Most importantly, after Bedford explained each of his rights to him in English, appellant stated that he understood his rights. Bedford testified that "I asked him if he understood [his rights], if he understood all of the wording, and he stated that he did. He didn't have any questions. I also made sure that his mother understood what his rights were. And I explained to both of them and asked them if they understood. And they stated that they did." At no time did appellant indicate that he did not understand his rights.

*Id*. at 752.

¶16.    Similarly, in *United States v. Marrero*, 152 F. 3d 1030 (8th Cir. 1998), the Spanish-

speaking defendant argued that the waiver of his *Miranda* rights was invalid because of his

difficulty with the English language, in which his warnings were administered.  In affirming

the trial court's determination that his waiver was knowing, intelligent, and voluntary, the

court stated:

> The evidence presented at the suppression hearing showed that, at all relevant times, defendant spoke in English (including when he was banging on the door yelling "let me in" and "open the door") and that he never asked for an interpreter or indicated difficulty with the English language. Moreover, several law enforcement officers, including Officers Crader and Meyer, Detective Knapp, an immigration officer, and a probation officer, testified about

defendant's proficiency in English based upon their observations and conversations with him. Accordingly, we hold that the district court did not clearly err in finding that defendant could understand English and that he effectively waived his *Miranda* rights, and we further hold, upon de novo review, that the totality of the circumstances supports the conclusion that defendant's statements were voluntary.

*Id*. at 1034.

¶17. In the instant case, we find that the trial court's finding was based upon appropriate principles of law and supported by substantial evidence. *Holland*, 587 So. 2d at 860. Chim, originally from Guatemala, moved to the United States in 1998. He has completed nine years of formal education, which included two years of English classes. The State presented the testimony of all three officers who were present at the time that Chim confessed, all of whom were subject to cross examination by defense counsel. *See Agee v. State*, 185 So. 2d 671, 673 (Miss. 1966). All conversations between Chim and the arresting officers were in English. The arresting officers testified that Chim never asked the police officers to explain any English words to him. Furthermore, all the officers testified that Chim understood and spoke the English language without an interpreter.

¶18. Chim was given a chance to read the *Miranda* waiver form before signing it, and he gave his statement in English. The officers also testified that Chim was not threatened or intimidated, nor was he offered any promises, hopes, or rewards. Moreover, they testified that Chim appeared to understand his rights, and that he voluntarily waived his rights. Additionally, the prosecution offered the testimony of Kimberly Chim, Chim's estranged wife, who testified that during their marriage, she was not fluent in Spanish; hence, she and Chim communicated in English.

9

¶19.    Therefore, this assignment of error is without merit.

**B.  Whether the Trial Court Erred in Denying Chim's Motion to Suppress his Confession.**

¶20.    "Where a trial judge finds at a preliminary hearing that a confession is admissible, 'the defendant/appellant has a heavy burden in attempting to reverse that decision on appeal.'" *Le*, 913 So. 2d at 932 (quoting *Evans v. State*, 725 So. 2d 613, 634 (Miss. 1997) (citations omitted)). "'Such findings are treated as findings of fact made by a trial judge sitting without a jury as in any other context.'" *Hunt v. State*, 687 So. 2d 1154, 1160 (Miss. 1996) (citation omitted).  In reviewing the trial court's denial of Chim's motion to suppress his confession, this Court "will only reverse the trial court's determination of this issue when such determination is manifestly wrong. . . . or contrary to the overwhelming weight of the evidence." *Glasper v. State*, 914 So. 2d 708, 716 (Miss. 2005) (citing *Manix*, 895 So. 2d at 180-81 (other citations omitted)).  Moreover, "[w]here the evidence is contradictory, this Court 'generally must affirm.'" *Hunt*, 687 So. 2d at 1160 (citing *Lesley v. State*, 606 So. 2d 1084, 1091 (Miss. 1992) (citations omitted)).

¶21.    For reasons stated herein, we find that the trial court's denial of Chim's motion to suppress his confession was not manifestly wrong or contrary to the overwhelming weight of the evidence.  Therefore, this assignment of error is without merit.

**CONCLUSION**

¶22.    Because we find that the trial court applied the correct legal standard and that its findings were supported by substantial evidence in its determination that Chim knowingly, intelligently, and voluntarily waived his *Miranda* rights, we conclude that its denial of

10

Chim's motion to suppress was not manifestly in error or against the overwhelming weight of the evidence. Therefore, we affirm the trial court's denial of Chim's motion to suppress his confession.

¶23.     **COUNT I: CONVICTION OF STATUTORY RAPE AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. COUNT II: CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY (20) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. THIS SENTENCE SHALL RUN CONSECUTIVE TO THE LIFE SENTENCE IMPOSED IN COUNT I. UPON SERVING TEN (10) YEARS OF SAID TWENTY (20) YEAR SENTENCE FOR SEXUAL BATTERY, TEN (10) YEARS OF SAID SENTENCE ARE SUSPENDED WITH CHIM PLACED ON POST CONVICTION RELEASE SUPERVISION FOR A PERIOD OF TEN (10) YEARS.**

**SMITH, C.J., WALLER AND DIAZ, P.JJ., EASLEY, CARLSON, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.**

11