# IN THE SUPREME COURT OF MISSISSIPPI

## NO.  2009-KA-00668-SCT

*MICHAEL EASLEY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/20/2009 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | W. S. STUCKEY, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LAURA H. TEDDER |
| DISTRICT ATTORNEY: | WILLIE DWAYNE RICHARDSON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/28/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRAVES, P.J., LAMAR AND KITCHENS, JJ.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     This case involves the sexual abuse of two sisters, Taylor and Sonya, and their cousin, Christina, by Michael Easley.[1]  Easley, the boyfriend of Taylor and Sonya's mother, was indicted and convicted of two counts of statutory rape and two counts of fondling.  Finding no arguable issue to raise on appeal, Easley's attorney filed a brief in compliance with

---

[1]We have replaced the minors' names with pseudonyms.

*Lindsey v. State,* 939 So. 2d 743 (Miss. 2005). After thoroughly reviewing the record in this case, we find no reversible error, and we affirm Easley's conviction and sentence.

## PROCEDURAL HISTORY

¶2.     A grand jury returned an indictment with four charges[2] against Easley: (1) on or between December 6, 2004, and May 2007, the statutory rape of Sonya, a female under the age of fourteen, being twenty-four or more months younger than Easley; (2) on or between March 1, 2003, and March 31, 2003, the statutory rape of Taylor, a female at least fourteen years but under sixteen years, and being thirty-six or more months younger than Easley; (3) on or between March 1, 2003, and March 31, 2003, the fondling of Taylor, a child under the age of sixteen; and (4) on or between January 2007 and May 31, 2007, the fondling of Christina, a child under the age of sixteen.

¶3.     Prior to trial, Easley moved to sever Counts II and III (those involving Taylor), based on the time span between Taylor's alleged abuse and that of Sonya and Christina. In response, the State argued that all charges should be tried together, because there was a pattern of abuse against the female children living in the apartment. The State argued that Easley preyed upon the oldest female, Taylor, until she moved out of the apartment. Once Taylor moved, Easley then began to abuse Sonya. And Easley abused Christina when she spent the night with Sonya. The trial court denied the motion to sever, finding merit with the State's theory of an ongoing pattern of abuse.

---

[2]Easley was charged under Mississippi Code Sections 97-3-65(1)(b) (statutory rape of victim under age fourteen), 97-3-65(1)(a) (statutory rape of victim between the ages of fourteen and sixteen), and 97-5-23(1) (fondling). *See* Miss. Code Ann. §§ 97-3-65, 97-5-23 (Rev. 2006).

¶4.    The jury found Easley guilty of all four counts, and the trial court polled the jury. The court then held a sentencing hearing, at which the State informed the court that Easley had been charged in 2007 with sexually assaulting another thirteen-year-old girl. Through a plea agreement, he had received probation for this 2007 charge. The trial judge sentenced Easley to life for Count I, thirty years for Count II, fifteen years for Count III, and fifteen years for Count IV, with all sentences to run consecutively.

**FACTS**

¶5.    Taylor was born April 2, 1987. She met Easley[3] when she was fifteen years old. At that time, he was the maintenance man at the apartment complex where she lived with her mother and siblings. Easley developed a relationship with her mother and began to live with them in their apartment.

¶6.    One night, while she was sitting in the living room watching television, Easley sat Taylor on his lap and touched her buttocks and breasts. Easley eventually began to have sex with Taylor, always at night when her mother was asleep. Taylor could not remember specific dates when these incidences occurred, but she stated that the last time occurred in March 2003. Taylor was fifteen in March 2003.

¶7.    In August 2003, Taylor moved out of her mother's apartment and went to live with her father. Before she moved out, she told her mother about the abuse, but her mother refused to believe her.

---

[3]Jerome McCaskill, a detective who investigated the allegations, testified that Easley was born on March 21, 1971.

¶8.     Sonya was born on December 6, 1993. She testified that Easley first inappropriately rubbed her buttocks, but that she could not remember whether Taylor had moved out at this time. One night, Christina spent the night with her, and Easley awakened the girls in the middle of the night. Sonya and Christina were sleeping in the same bed, when Easley touched Sonya's buttocks and pulled down her underwear. He then undid his pants and placed his penis in her vagina. Sonya was thirteen at the time Easley raped her.

¶9.     After raping Sonya, Easely went to Christina's side of the bed. Easley touched her between the legs with his hand. He turned her over onto her stomach and tried to place his penis in her buttocks, but he was unable to complete penetration. Christina was thirteen at the time of this incident.

¶10.    April Bowman, Taylor and Sonya's mother, testified that she heard of the alleged abuse at a family barbeque. She confronted Easley about the allegations, but he denied them. Bowman stated that she does not believe that Easley abused any of the children.

## DISCUSSION

¶11.    This appeal is governed by *Lindsey v. State,* 939 So. 2d 743 (Miss. 2005). In *Lindsey*, this Court set forth the procedure "to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal[.]" *Id.* at 748. First, appellate counsel "must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-(4), (7)[.]" *Id.* Second, counsel must certify in his or her brief that:

> there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding the

4

arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

*Id.* Third, counsel must send a copy of his brief to the defendant, inform the defendant that counsel could not find any arguable issues, and advise the client of the right to file a pro se brief. *Id.* Fourth, the appellate court will determine, based on its review of the record and any pro se brief filed, if there is any arguable issue. *Id.* If so, the court will require appellate counsel to submit supplemental briefing on that issue, "regardless of the probability of the defendant's success on appeal." *Id.* Last, "[o]nce briefing is complete, the appellate court must consider the case on its merits and render a decision." *Id.*

¶12. In this case, Easley's appellate counsel complied with the procedure set forth in *Lindsey v. State*. Easley failed to file a pro se brief. We have reviewed the record and could find no arguable issue warranting supplemental briefing. And we find no reversible error.

**CONCLUSION**

¶13. Finding no reversible error, we affirm Easley's conviction and sentence.

¶14. **COUNT I: CONVICTION OF STATUTORY RAPE AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. COUNT II: CONVICTION OF STATUTORY RAPE AND SENTENCE OF THIRTY (30) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. COUNT III: CONVICTION OF FONDLING AND SENTENCE OF FIFTEEN (15) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. COUNT IV: CONVICTION OF FONDLING AND SENTENCE OF FIFTEEN (15) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. SENTENCES IN COUNTS I, II, III AND IV SHALL RUN CONSECUTIVELY.**

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.**