■ KITCHENS, Justice,
concurring in part and in result:
¶ 39. Although I agree that none of the issues raised on appeal merits reversal, I do not fully embrace the majority opinion’s far-reaching analysis regarding the trial court’s refusal to suppress Neal’s confession. Believing that much of the majority’s analysis is unnecessary to our decision, I respectfully concur in part and in the result.
¶40. Neal makes two distinct arguments on appeal as to why his confession should have been suppressed: (1) after invoking his right to counsel, officers continued to question him about the burglary, citing Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); and (2) the officers’ promises of leniency rendered his confession involuntary, citing Agee v. State, 185 So.2d 671 (Miss.1966).[9] However, neither issue was properly raised in the trial court, and much of the evidence considered by the majority (i.e., the video recordings) was not presented for the trial judge’s consideration before he ruled that the confession was admissible. In the absence of plain error, we should refrain from considering issues and evidence not raised at trial. Wells v. State, 849 So.2d 1231, 1240 (Miss.2003) (citing Colburn v. State, 431 So.2d 1111, 1114 (Miss.1983)).
¶ 41. In his written motion to suppress the confession, Neal’s entire argument was that “Defendant was represented by counsel, there had been no valid waiver of his right to counsel, counsel was not present when the interview was conducted, and the Defendant was not advised of his Miranda rights prior thereto.” While the motion clearly argued that the defendant’s Sixth Amendment right to counsel was violated when the police questioned him without his attorney, it did not hint at the issues now raised on appeal.
¶ 42. Moreover, at the suppression hearing, Neal’s attorney made no arguments; the trial judge simply inferred what legal issues might arise from the evidence presented. Notably, the evidence before the trial judge did not include either of the video recordings. It was not until after the trial judge had made his ruling that the prosecutor offered the recordings into evidence. Had these recordings been timely presented, Neal’s attorney could have challenged the officers’ claims that they did not question Neal any further after he had invoked his right to counsel. . Because their testimony remained undisputed, the trial judge did not err in finding that the officers had ceased *1284 their questioning of Neal after he had asked for an attorney.
¶ 43. As for the argument that Neal was promised leniency, Neal did offer evidence, in the form of his own testimony, that he was coerced into a confession with promises that the charges would be dropped. Therefore, it is arguable that this issue was raised below. Yet, all of the officers involved testified that no such promises were made, and the trial judge found the officers’ testimony more credible than Neal’s. Because there was substantial evidence to support this finding of fact, and because the trial judge applied the correct legal standards, this argument is without merit. Chim v. State, 972 So.2d 601, 604 (Miss.2008) (quoting Holland v. State, 587 So.2d 848, 860 (Miss.1991)).
¶ 44. For these reasons only, I agree that reversal is not warranted.

. Neal does not raise on appeal the issue of whether his Sixth Amendment right to counsel had attached. Maj. Op. at ¶¶ 15-19.