COLEMAN, Justice,
dissenting:
¶ 19. My disagreement with my colleagues in the majority lies in the legal significance of four words spoken by the defendant, “I could use him.” The majority holds that, when the defendant spoke the words, she invoked her right to counsel, at which point the investigator was required to cease questioning. I agree that interrogation must stop the moment a suspect invokes the right to counsel. See Barnes v. State, 30 So.3d 313, 316-17 (¶ 8) (Miss.2010) (citing Miranda v. Arizona, 384 U.S. 436, 479, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)). I disagree that the defendant in the case sub judice invoked her right to counsel.
¶ 20. I begin by noting the high standard of review employed when we examine the trial court’s decision to deny suppression of a statement. We reverse only when one of the two following things are true: (1) the trial court’s ruling constituted manifest error, or (2) the trial court’s ruling was contrary to the overwhelming weight of the evidence. Barnes, 30 So.3d at 316 (¶ 8) (Miss.2010); Chim v. State, 972 So.2d 601, 607 (¶20) (Miss.2008).
¶21. In a 1991 Mississippi Supreme Court case, Holland v. State, 587 So.2d 848 (Miss.1991), the majority employed a three-part test used when the request for counsel, if any, was ambiguous. However, three years after Holland, the United States Supreme Court issued its opinion in Davis v. United States, 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994), relied upon by the Court of Appeals in the instant case, in which it wrote, [T]he suspect “must unambiguously request counsel.” Id. at 459, 114 S.Ct. 2350 (emphasis added). “[A] statement either is ... an assertion of the right to counsel or it is not.” Id. (quoting Smith v. Illinois, 469 U.S. 91, 97-98, 105 S.Ct. 490, 83 L.Ed.2d 488 (1984)).
¶22. Like the Supreme Court of the United States in Davis, we too should decline to “require law enforcement officers to cease questioning immediately upon the making of an ambiguous or equivocal reference to an attorney.” Davis, 512 U.S. at 459, 114 S.Ct. 2350. In the case sub judice, the defendant made ambiguous statements regarding counsel, and the officer asked questions to clarify the ambiguity. While the Davis Court encouraged police to ask clarifying, followup questions to a statement that could be a request for counsel, it stopped short of issuing a requirement for police to do so. Id. at 461, 114 S.Ct. 2350. I would hold that the officer’s conduct was appropriate under Holland and Davis, that the defendant waived her right to counsel when he told the officer that she would talk to him, and that the trial judge did not err in refusing to suppress the confession.
¶ 23. For the foregoing reasons, I respectfully dissent.
RANDOLPH, P.J., LAMAR AND PIERCE, JJ., JOIN THIS OPINION.